# Exhibit A

## SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated as set forth below, is entered into between Brandon Lo (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the "Settlement Class"  (as defined below), and defendant, Oxnard European Motors, LLC dba Mercedes Benz of Oxnard, and dba Smartcenter Oxnard, a member managed Delaware limited liability company (hereinafter referred to as "Defendant"), and its related or affiliated persons or entities (see definition of "Released Parties" below).  This Agreement is intended by Plaintiff, on behalf of himself and the Settlement Class, and Defendant (hereinafter collectively referred to as the "Parties"), to resolve and settle the "Released Claims" (as defined below) in favor of the Released Parties, in the underlying Action (as defined below) upon and subject to the terms and conditions contained herein.

1.01. During and after a court-ordered Early Neutral Evaluation Conference ("ENE") conducted before Magistrate Judge Dembin, on July 12, 2011, the Parties reached the Settlement documented herein and defined below. The Action alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. Section 227 *et seq*. ("TCPA") and alleged that Defendant sent text messages to the putative class members' cell phones and also sent confirmatory text messages to recipients of the text messages that opted out of future text messages, both acts alleged by Plaintiff to violate the TCPA. Defendant has provided Plaintiff and his counsel documentation regarding persons in the Settlement Class (defined below) as the proposed putative class of persons that received text messages from Defendant or its agents between October 16, 2009 and July 9, 2011 (the "Class Period").  The total number of Settlement Class members is represented by Defendant to be approximately 203 persons. The Settlement Class is defined as all those persons who received text messages from Defendant or its agents during the Class Period and who responded to such text messages by sending text messages to Defendant or its agents opting out of further text messages from Defendant, and to whom Defendant or its agents sent confirmatory text messages acknowledging receipt of the opt out messages. All Settlement Class members are persons that lived in the State of California at the time of receiving and opting out of further receipt of such text messages. Excluded from the

1

Settlement Class are Defendant, any parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' immediate families; as well as all persons who validly request exclusion from the Settlement Class.  Based upon those representations, the Parties agree to the settlement set forth herein in this Agreement.  This Settlement was carried out through arms-length negotiations.  The purpose of this Agreement is to memorialize the settlement reached between the Parties.

1.02.    The Parties believe that settlement by way of this Agreement is in their/his/her best interests.  Counsel for Defendant and counsel for the Settlement Class believe, in view of the uncertainty, costs, risks, and delays of continued litigation and appeals balanced against the benefits of settlement to the Settlement Class and Defendant, that the settlement as provided in this Agreement is in the best interests of the Settlement Class and Defendant and is a fair, reasonable, and adequate resolution of the Action.

1.03.    Pursuant to this Agreement, the Parties desire and intend to resolve and settle the "Released Claims" as to the "Released Parties" on a class basis, upon and subject to the terms and conditions contained herein.

1.04.    Pursuant to this Agreement, the Parties desire and intend to seek Fed. R. Civ. P. 23(b)(3) certification of the Settlement Class. Excluded from the Settlement Class is Defendant, any parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' immediate families; as well as all persons who validly request exclusion from the Settlement Class.

1.05    The Parties believe the proposed settlement is fair and reasonable, given the risks and uncertainties of litigation.  The compromise settlement reached herein, to compensate the approximately 203 Settlement Class members, will permit the Settlement Class members to receive a monetary settlement payment.  The exact amount of payment will depend upon the number of claims made by the Settlement Class

2

members, as explained below.   Defendant agrees to pay into a Settlement Fund (as defined below) the maximum amount of  $49,100, from which the claims will be paid, the costs of notice and claims administration will be paid, attorneys' fees and costs will be paid, and a $1,500 incentive payment to Plaintiff for bringing and litigating this Action will be paid.  In other words,  Defendant's payment of its $49,100 settlement payment will release it from all further liability as to Plaintiff and the Settlement Class except as may be conditioned herein below.

1.06.   The Parties desire and intend to seek court approval of the settlement of the Action as set forth in this Agreement and a final order and judgment from the Court dismissing with prejudice the claims of Plaintiff and the Settlement Class as set forth herein.  The Parties and their counsel agree to recommend approval of this Agreement to the Court.   The Parties also agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of same, to oppose any interventions and objections to the proposed settlement, including objections by any regulatory authority if it is ultimately determined that a Class Action Fairness Notice is required, and to oppose any appeals from any orders of final approval of the settlement, other than Plaintiff's counsel reserving the right to appeal any award of attorneys' fees and costs that is less than the amount set forth in ¶ 18.01 of this Agreement.

WHEREFORE, in consideration of the promises, representations, and warranties set forth herein, the Parties stipulate and agree as follows:

2.01.    <u>DEFINITIONS</u> – The following definitions shall apply to this Agreement:

A.     "Action" shall mean the lawsuit which is the subject of this Agreement captioned, <u>Brandon Lo, Individually and on Behalf of All Others Similarly Situated v. Oxnard European Motors LLC, et al.,</u> Case No. 11 CV 1009-JLS-MDD, pending in the U.S. District Court for the Southern District of California.

B.     "Agreement" shall mean this Settlement Agreement and Release.

C.     "Claims Administrator" shall mean CPT Group, Inc.  or another person or entity independent of the Parties who or which is selected by Class Counsel and is

3

approved by the Court to provide notice and claims administrative services.

D.    "Claims Period" shall mean a period of 60 (sixty) days commencing with the date the Notices (as defined below) are mailed to the Settlement Class members in the "Original Notice" group, approximately thirty (30) days after the date the Order of Preliminary Approval of Class Action Settlement is entered by the Court.

E.    "Class Counsel" shall mean the law firms of Hyde & Swigart, The Law Offices of Douglas J. Campion and The Kazerouni Law Group, APC.

F.    "Class List" shall mean a list of all Settlement Class members maintained by Defendant or its agents, listing the names, addresses and cellular  telephone numbers of each Settlement Class member.

G.    "Class Representative" shall mean Plaintiff Brandon Lo.

H.    "Court" shall mean the United States District Court for the Southern District of California, and the U.S. District Judge to which this case is assigned, Judge Janis L. Sammartino.

I.    "Effective Date" shall mean the date as of which all appellate and/or subsequent proceedings are ended, and/or the time for appeal or further appeal from a final judgment and order of dismissal with prejudice in the Action ("Final Judgment and Order of Dismissal With Prejudice") has passed, such that the Final Judgment and Order of Dismissal with Prejudice takes irreversible effect, in its entirety.  Except as otherwise provided by law, as used in this Agreement, if there is any person or entity that has standing to appeal the Final Judgment and Order of Dismissal With Prejudice that desires to appeal, the "time for appeal" from the Final Judgment and Order of Dismissal With Prejudice shall be deemed to be thirty (30) days from the date of service of the Notice of Entry of Judgment on all Parties.  If there is no person with standing to appeal the Final Judgment and Order of Dismissal With Prejudice, including the absence of any objectors, then the Effective Date shall be the date the Final Judgment and Order of Dismissal With Prejudice is entered by the Court. If an appeal or reargument or other form of review is

4

sought only with respect to the amount of attorneys' fees or expenses allowed by the Court, then the remaining portions of the Final Judgment and Order of Dismissal With Prejudice shall be deemed "Final" in the manner set forth above in this paragraph. Thus, if only the attorneys' fees and/or costs award portion of any Final Judgment and Order of Dismissal With Prejudice is appealed by Class Counsel or by any other party with standing to appeal (other than Defendant, who by this Agreement waives any appeal of any attorneys' fees and costs award if it is no greater than one-third of the Settlement Fund), the Parties agree that the remaining portions of this Agreement and the Final Judgment and Order of Dismissal With Prejudice shall be effective upon the Effective Date. In other words, the Parties agree that any such appeal of only the attorneys' fees and/or costs as awarded by the Court shall not delay the implementation of, modify or effect the remaining terms of the Settlement and Final Judgment and Order of Dismissal With Prejudice, and those terms shall be completed as if no appeal of the attorneys' fees or expenses had been filed.

J.     "Final Approval" or "Final Approval Order" shall mean issuance by the Court, following a settlement hearing, of a Final Judgment and Order of Dismissal With Prejudice in the Action, in the form of the Proposed Final Judgment and Order of Dismissal With Prejudice attached to this Agreement as Exhibit 2, which (i) approves in its entirety the settlement represented in this Agreement; (ii) approves and incorporates all of the terms and provisions of this Agreement; (iii) unconditionally certifies the Settlement Class; and (iv) approves a dismissal with prejudice of the Action in the name of and on behalf of the Class Representative and all other members of the Settlement Class as to all Parties and all causes of action.

K.     "Original Notice Group" shall mean the Settlement Class members to whom the first mailing of the Notices is made, as opposed to any later mailing made to the Settlement Class members for whom the Notices were returned as undeliverable for incorrect addresses or for other reasons.

L.   "Preliminary Approval" – Counsel for the Parties shall jointly request that the Court enter an Order of Preliminary Approval of Class Action Settlement (hereinafter referred to as the "Preliminary Approval Order") in substantially the form attached as Exhibit 1.  Pursuant to the Parties' joint motion for Preliminary Approval, the Parties will request that the Court preliminarily approve the proposed settlement, certify the Settlement Class, confirm Class Counsel, confirm the Plaintiff as Class Representative, approve the Notices proposed herein, set deadlines for requests for exclusions and objections, and set a hearing date for final approval of the Settlement.

M.   "Released Claims" shall mean all claims of Plaintiff, Settlement Class members and their successors-in-interest against Defendant, in any way related to the subject matter of the Action, including without limitation, any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any kind or nature whatsoever, known or unknown, asserted or that might have been asserted, in the complaint in the Action or which Plaintiff or a Settlement Class member had from the beginning of time until the Effective Date, arising out of, based upon, or in any way relating to Defendant or its agents allegedly sending confirmatory text messages to any member of the Settlement Class in alleged violation of the TCPA, or any similar state or federal law.

N.   "Released Parties" shall mean Defendant and each of its past, present, and future directors, officers, employees, partners, principals, agents, underwriters, insurers, co-insurers, clients, re-insurers, shareholders, attorneys, and any related or affiliated person or company, including any parent, subsidiary, predecessor, or successor, and all assigns, licensees, divisions, clients, joint ventures, and any persons or entities directly or indirectly involved in the Action.

O.   "Settlement" shall mean the settlement of this Action provided for in this Agreement.

P.   "Settlement Class" shall mean all those persons who received text messages from Defendant or its agents between October 16, 2009 and July 9, 2011 (the "Class

Period") and who responded to such text messages by sending text messages to Defendant or its agents opting out of further text messages from Defendant, and to whom Defendant or its agents sent confirmatory text messages acknowledging receipt of the opt out messages. All Settlement Class Members are persons that lived in the State of California at the time of receiving and opting out of further receipt of such text messages. Excluded from the Settlement Class is Defendant, any parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' immediate families; as well as all persons who validly request exclusion from the Settlement Class.

Q.    "Settlement Fund" shall mean the maximum amount of $49,100 that will be paid by Defendant to settle all claims, pay incentive awards, pay cost of notice and claims administration, and attorneys' fees and costs to Class Counsel, as awarded by the Court.

3.01.   <u>CLASS CERTIFICATION</u> – Concurrently with seeking preliminary approval of the Settlement, counsel for the Parties shall jointly seek certification, per Fed. R. Civ. P. 23(b)(3), of the Settlement Class as defined above.

4.01.   <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> – For settlement purposes, and subject to Court approval, Plaintiff is appointed as the Class Representative for the Settlement Class and the law firms of Hyde & Swigart, The Law Offices of Douglas J. Campion and The Kazerouni Law Group, APC are appointed as Class Counsel.

5.01.   <u>PRELIMINARY APPROVAL ORDER</u> – Within ten (10) business days after this Agreement is fully executed, or as is reasonably practicable afterward, counsel for the Parties shall jointly request that the Court enter the Preliminary Approval Order in substantially the form attached as Exhibit 1.   Pursuant to the Parties' joint motion for preliminary approval, the Parties will request the following:

A.    That the Court preliminarily certify the Settlement Class described above pursuant to Fed. R. Civ. P. 23(b)(3);

B.    That the Court preliminarily approve the class action Notices proposed herein;

7

C.      That the Court preliminarily approve the Settlement and this Agreement;

D.      That the Court order the full notice proposed herein be mailed to the Settlement Class members;

E.      That the Court set a date and time for a fairness hearing, also called the final approval hearing, during which the Parties shall jointly request the entry of a Final Judgment and Order of Dismissal With Prejudice ("Final Approval Hearing") which may be continued by the Court from time to time without the necessity of further notice; and,

F.      That the Court provide deadlines for the submission and service of objections and exclusions.

6.01.   <u>FINAL APPROVAL ORDER</u> – If the Settlement is approved preliminarily by the Court, and all other conditions precedent to the Settlement have been satisfied, counsel for the Parties shall jointly request that the Court enter a Final Judgment and Order of Dismissal With Prejudice (hereinafter referred to as the "Final Approval Order") in substantially the form attached as Exhibit 2.

If the Final Approval Order gives final approval to the Settlement as detailed herein without substantive modification of its terms, then upon entry of the Final Approval Order, the Parties expressly waive any and all rights to appeal any orders issued by the Court in connection with the Action, except issues concerning attorneys' fees, costs, and expenses pursuant to ¶¶ 18.01 of this Agreement.  However, if either Party believes the Final Approval Order substantively modifies the terms of this Agreement, that Party may appeal any such order at the appropriate time.

Plaintiff and Class Counsel agree that the execution of this Agreement, or any related documents, the certification of the Settlement Class, and any other act taken or court paper filed in furtherance of this Agreement shall not be used to otherwise urge that litigation pursuant to Fed. R. Civ. P. 23 is appropriate in this case. If for any reason this Settlement is not approved and/or does not become final, the fact that the parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, and shall not be admissible in connection with the issue of whether a class could otherwise be certified in this or any other lawsuit.  Defendant

expressly reserves the right to oppose class certification should this Settlement not become final and retains any and all rights to object to the maintenance of this action, or any other action, as a class action and to contest this action, or any other action, on any other grounds.

7.01.    SETTLEMENT CONSIDERATION AND BENEFITS TO SETTLEMENT CLASS – In consideration for the releases set forth herein, the Parties agree to the following:

A.    Class Representative Fee – Within ten (10) business days after the Effective Date, the Claims Administrator shall pay Plaintiff through Class Counsel a total of $1,500 as an incentive payment ("Class Representative Fee") from the Settlement Fund in recognition of his service as the Class Representative, subject to approval by the Court.

B.    Settlement Fund – Defendant shall pay $49,100 to the Claims Administrator within ten (10) days of the Court entering the Preliminary Approval Order (the "Settlement Fund") for the purpose of funding a bank account opened for the administration of this Action by the Claims Administrator, and the Claims Administrator will advise Defendant of the name of the bank and the account number.

C.    Claims to Be Paid and Amount of Settlement Check – Any Settlement Class member who makes a timely and valid claim shall be entitled to payment in a pro rata amount of the "Claims Fund".  The amount of the Claims Fund will be determined by subtracting all costs of notice and claims administration, Class Counsel's fees and costs as awarded by the Court, and any incentive payment awarded by the Court to the Class Representative, and any other costs required to administer the Settlement.   The Claims Administrator shall send the settlement checks via U.S. mail to the claimants no later than thirty (30) days after the Effective Date.  Each settlement check will be negotiable for a maximum of one hundred twenty (120) days after it is mailed.  That pro rata payment, as explained above, shall be the entire amount of compensation to be paid to the Settlement Class members who make a timely and valid claim.

8.01.   ADMINISTRATION AND NOTIFICATION PROCESS – The

9

costs and expenses related to the administration of the Settlement and notification of the Settlement to the Settlement Class (anticipated to be $ 4,500.00) shall be paid from the Settlement Fund.  Because the notice and claims administration costs are paid from the Settlement Fund and therefore may affect the amount of pro rata payments to the Settlement Class, the costs and expenses of such notice and administration shall be overseen by Class Counsel.  The Parties agree that because it has been determined that all Settlement Class members were California residents when the text messages which are the subject of this Action were sent and the opt out messages were returned, this is a Settlement Class where no notice is required under 28 U.S.C. Section 1715(b), the Class Action Fairness Act ("Class Action Fairness Act Notice").  However, if it is later determined by any Court that a Class Action Fairness Act Notice is required, it is understood that Defendant intends to delegate its Class Action Fairness Act Notice responsibility to the Claims Administrator who will be responsible for timely compliance with all Class Action Fairness Act Notice requirements, if any, at the direction of the Parties.  If a Class Action Fairness Act Notice is required, Defendant agrees to pay the costs of such notice in an amount not to exceed $3,000.  Such amount shall be in addition to the sum of $49,100 paid for the Settlement Fund.

A.    Claims Administrator and Partial Payment of Settlement Fund –Defendant shall pay to the Claims Administrator their anticipated costs of notice and claims administration within 5 (five) days of receiving Preliminary Approval. Subject to oversight by Class Counsel, the third-party Claims Administrator shall be responsible for all matters relating to the administration of this Settlement, as set forth herein.  Those responsibilities include, but are not limited to, giving notice, obtaining follow-up addresses for returned mail, consideration of setting up a toll-free telephone number, fielding inquiries about the Settlement, processing of claims, acting as a liaison between claimants and Class Counsel regarding claims information, rejecting a claim as appropriate, directing the mailing of settlement payments to claimants and other duties.

B.    NOTICES – The Claims Administrator shall, as expeditiously as possible but not to exceed 30 (thirty) days from the Court's entry of the Preliminary Approval Order, provide notice of the Settlement to the Settlement Class as follows, subject to the

Claims Administrator's discretion to modify any of these steps after discussion with and agreement by counsel:

1) <u>Notices</u> – The Claims Administrator shall mail full Notices of the Settlement ("Notices") to the Settlement Class members.   The Notices shall be in substantially the form attached as Exhibit 3.  The Notices shall  provide the Settlement's terms, provide information to make a claim, and will contain   a toll-free telephone number to both inquire about the Settlement and to make claims, provide information on the Final Approval Hearing and provide information on the procedure to request exclusion from the Settlement Class and object to the fairness of the Settlement.   If a Settlement Class member chooses to submit a written claim form instead of filing a claim by calling the toll-free telephone number, they can mail such claim form as included with the Notice.   Otherwise, a Settlement Class member can file a claim by calling the toll-free number.    Prior to the Final Approval Hearing, the Claims Administrator shall provide Class Counsel a declaration for filing, confirming the Notice was mailed to the Settlement Class, and the procedures used.

Defendant has provided the Class List to Class Counsel.   The Claims Administrator will review the address data provided, and will do what it believes is necessary to obtain the most current addresses, which may include initially checking addresses for validity, eliminating duplications and processing the addresses through the National Change of Address database or similar database for the purpose of updating the addresses.   That may be done either prior to mailing the Notices or after receiving the Notices returned by the postal service as undeliverable, or both, as they deem necessary, and in the most cost-efficient manner.   It is intended that at a minimum the Claims Administrator will do a search for each address for which mail is returned as undeliverable in order to obtain the most current address.  Any addresses that are found to be not current or are otherwise inaccurate during the notice and claims process shall be provided upon request to Class Counsel and Counsel for Defendant.   The Claims Administrator shall do a current address search for any mail that is returned to the Claims Administrator as undeliverable by the U.S Postal Service ("RUM"), and shall send the notice to such addresses again if a new address is found.  Such remails shall be completed

immediately upon receipt of the RUM so that such recipients of the new notice shall have a minimum of 30 (thirty) days to make a claim, i.e., mailed again within 30 days of the original mailing.

2)

Toll Free Telephone Number – Before the Notices are mailed, a toll-free number will be designated for receiving toll-free calls related to the Settlement. The Claims Administrator shall answer questions that claimants, potential claimants, or persons with questions about the Settlement may have. Anyone may call the toll-free number from anywhere within the United States to ask questions of the Claims Administrator about the Settlement, and to provide information to make a claim. The parties shall jointly resolve any dispute that may arise between the Parties regarding how the toll-free number operation works.

.  Toll-Free Number – The toll-free number will be identified in the notice described above in ¶¶ 8.01 B (1). As explained below, the Claims Administrator will also be responsible for processing claims related to the Settlement Fund.

The toll-free number shall be operational at a minimum from 9:00 A.M. to 9:00 P.M. (EST) or at such other times as the Claims Administrator deems necessary. That telephone number shall be maintained for a period of time from the date of first sending out the Notices through at least 30 (thirty) days after the Claims Period closes. Once the time for making a claim has passed, either a live person or a recording will advise the caller that the Claims Period is closed and the details regarding the settlement may be reviewed in the Court's file located at the clerks' office.

3).   Making a Claim – The Notices shall state that all claims made pursuant to this Settlement must be made by whatever the following methods are used:

i)  calling the toll-free number during its stated business hours; or

ii) submitting a claim in writing and mailed or otherwise sent by overnight mail or courier to the Claims Administrator.

The Notices shall state the exact date by which the claim must be made by telephone, or postmarked or otherwise is confirmed to have been mailed or sent by overnight delivery or courier in order to file a proper claim. In order to make a claim, a

Settlement Class member must use whichever of the following methods are operational in this Settlement:  (a) submit a claim by calling the toll-free number; or (b)  submit a claim in writing to the Claims Administrator, by mail or by overnight mail or courier.  Such claims must be submitted within the 60 (sixty) day Claims Period as defined herein.

In order to submit a claim, the Settlement Class member need only provide the following information about himself or herself:  (1) his or her name; (2) confirmation of his or her identity pursuant to a procedure determined by the Claims Administrator; and (3) his or her current address for mailing the Settlement payment, if different from that set forth in the notice.  A claimant may also provide a telephone number if he or she agrees to do so, only for the purpose of facilitating the settlement process.  If the clamaint's name is on the list of the approximately 203 persons in the Settlement Class, that is the only requirement to be entitled to receive the monetary payment from the Settlement Fund.

4).   <u>Claim Review Process</u> – As often as the Claims Administrator deems it appropriate, he, she or it will provide a list to Class Counsel of the names of each Settlement Class member who made a claim to date, and any claims submitted but denied by the Claims Administrator.  Each Settlement Class member who does not exclude himself or herself from the class and who makes a timely claim as set forth above, shall be entitled to receive a settlement check.  If any claims are denied by the Claims Administrator, then Class Counsel shall review the denial and determine if the claim should be paid.

5).   <u>Amount of Settlement Check</u> – Each Settlement Class member who makes a timely accepted claim shall be entitled to receive a pro rata amount of the Claims Fund.   The settlement checks shall be sent by the Claims Administrator via U.S. mail no later than thirty (30) days after the Effective Date.  If any settlement checks are returned, the Claims Administrator shall verify the mailing address with the claimant at the telephone number provided by the claimant if such number was provided and take such measures as necessary to again mail any returned settlement checks to the address provided by the claimant to the Claims Administrator.  If, after such second mailing, the settlement check is again returned, no further efforts need be taken by the Claims

13

Administrator to mail the check again and the amount of the settlement check shall be returned to counsel for Defendant. The Claims Administrator shall advise Class Counsel of the names of the claimants whose checks are returned by the postal service as soon as practicable. Each settlement check will be negotiable for a maximum of 120 days after it is mailed.

            9.01. <u>ADMINISTRATION OF EXCLUSIONS AND OBJECTIONS</u> – Class Counsel shall administer, or oversee the administration of, the receipt of any and all requests for exclusion and objections.

            10.01. <u>EXCLUSIONS</u> – Any Settlement Class member who desires to be excluded from the Settlement Class ("opt-outs") must send a written request for exclusion to the Claims Administrator with a postmark date no later than ten (10) days after the last date of the Claims Period. The Claims Administrator shall provide a list of the names of each Settlement Class member who submitted a timely exclusion to Class Counsel within ten (10) days after the deadline passes so that a copy of this list can be filed with the Court, along with the Parties' Motion for Final Approval of Class Action Settlement. The Parties agree that list shall be filed with the Court with sufficient time prior to the Final Approval Hearing to apprise the Court of the identity of any such persons. If more than twenty-five percent (25%) of the Settlement Class members opt out and seek exclusion, then Defendant may void the Settlement and proceed with the litigation.

        A. In the written request for exclusion, the Settlement Class member must state his or her full name, address, and telephone number. Further, the Settlement Class member must include a statement in the written request for exclusion that he or she wishes to be excluded from the Settlement.

        B. Any Settlement Class member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

            11.01. <u>OBJECTIONS</u> – Any Settlement Class member who intends to object to the fairness of this Settlement must file a written objection with the Court no later than ten (10) days before the Final Approval hearing date. Further, any such Settlement Class member must, within the same time period, provide a copy of the

written objection to Class Counsel and counsel for Defendant.  If such Settlement Class member intends on appearing at the Final Approval hearing, they must no later than ten (10) days prior to the Final Approval hearing, provide a notice of their intention to so appear and mail it to Plaintiffs' counsel Hyde & Swigart, and Christa & Jackson, whose addresses are both set forth below, and within the same time period, file such a notice of intent to appear at the hearing with the Court, referencing this case and the hearing date.

A.      In the written objection, the Settlement Class member must state his or her full name, address, and telephone number; the reasons for his or her objection; and, whether he or she intends to appear at the Final Approval hearing on his or her own behalf or through counsel.  Further, the Settlement Class member must attach to his or her objection any documents supporting the objection.

B.      Any Settlement Class member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

12.01.      <u>INQUIRIES FROM SETTLEMENT CLASS MEMBERS</u> When responding to any inquiry from a Settlement Class member, Defendant, Plaintiff and Class Counsel will confirm that they believe the Settlement is fair and reasonable.

13.01.      <u>FINAL APROVAL HEARING</u> – Subject to approval by the Court, a Final Approval Hearing will be conducted regarding the Settlement as soon as practicable after the Court's entry of the Preliminary Approval Order14.01 , the close of the Claims Period and the expiration of the deadline for Settlement Class members to request exclusion or opt-out of the Settlement Class or object to the Settlement.

14.01   <u>CONFIRMATORY DISCOVERY</u> – Class Counsel shall serve discoverylimitedto

confirming   the   number   of   persons   that   received   text   messages   from Defendant   and   then   opted   out   of   receiving   future   text   messages   (the Settlement   Class).   If   such   information   is   obtained   by   Defendant   from   a third   party,   Defendant   will   provide   any   such   written   documentation obtained   from   that   third   party,   or   a   declaration   from   that   third   party confirming the accuracy of that information.

15

15.01.     <u>TOTAL FINANCIAL OBLIGATIONS OF DEFENDANT</u> – The total maximum financial obligation of Defendant under this Settlement shall consist of the amounts set forth in ¶ 7.01 B and ¶ 8.01 of this Agreement.

16.01.     <u>RELEASES</u>

(1)  As of the Effective Date, Plaintiff and the Settlement Class members fully, finally, and forever settle, release, and discharge the Released Parties from the Released Claims, and are forever barred from asserting any of the Released Claims in any court or forum whatsoever against any of the Released Parties.

Upon execution of this Agreement, Plaintiff fully, finally, and forever settles, releases, and discharges the Released Parties from any remaining claims that he may have against the Released Parties.

(2)  Plaintiff and the Settlement Class members may hereafter discover facts in addition to or different from those they now know or believe to be true with respect to the subject matter of the Released Claims, and each agrees that the Released Claims shall be and remain in effect in all respects as complete and general releases as to the matters released, notwithstanding any such different or additional facts.

As further consideration and inducement for this Agreement, Plaintiff and the Settlement Class members who are not excluded from the Settlement Class hereby waive and release, with respect to the Released Claims, any and all rights under § 1542 of the California Civil Code which they have with respect to Defendant.  California Civil Code § 1542 provides as follows:

A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

17.01. <u>COVENANT NOT TO SUE</u> – Plaintiff agrees and covenants, and each Settlement Class member will be deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and agree to be forever barred from doing so, in any court of law or equity, or any other forum.

16

18.01.    <u>TERMINATION</u> – After completing a good faith negotiation, Class Counsel and Defendant shall each have the right to terminate this Agreement by providing written notice to the other within seven (7) days thereof:

A.    The Court's refusal to enter a Preliminary Approval Order in substantially the form attached as Exhibit 2;

B.    The Court's refusal to approve the Settlement following the fairness hearing, also known as the Final Approval Hearing; or

C.    The Court's refusal to enter a Final Approval Order in substantially the form attached as Exhibit 3.

D.    If the Final Approval Order is modified or reversed in material respect by any Court of Appeal or the Supreme Court.

If either Class Counsel or Defendant terminates this Agreement as provided herein, the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if this Agreement had never been executed.

19.01. <u>ATTORNEYS' FEES, COSTS, AND EXPENSES</u> – Class Counsel shall file an application for attorneys' fees, costs, and expenses in an amount not to exceed one-third (1/3) of the Settlement Fund, to be paid from the Settlement Fund. Such "costs" as used in this paragraph do not include the costs of notice and claims administration described elsewhere in this Agreement, but only include the litigation and related costs incurred by Class Counsel during this litigation. Such application shall be filed on or before with the date of filing the Parties' Motion for Final Approval of Class Action Settlement.  Defendant will not object to the fees, costs, and expense application as long as it complies with this paragraph, and will advise the Court it supports the payment of such fees and costs, if asked.  The Parties intend and agree that an amount of attorneys' fees, costs and expenses which is no greater than one-third (1/3) of the Settlement Fund is fair and reasonable in this Action, and Defendant will not contest that amount regardless of the ultimate amount of claims submitted or paid.

The Claims Administrator shall pay Class Counsel the attorneys' fees, costs, and expenses awarded by the Court within five (5) days after the Effective Date as defined

herein as long as such fees, costs and expenses do not exceed one-third (1/3) of the Setlement Fund.  Such payment shall be made payable jointly to The Law Offices of Douglas J. Campion, Hyde & Swigart and the Kazerouni Law Group, APC.  If for any reason, if only the attorneys' fees and / or costs award portion of any Order is appealed by Class Counsel or by any other party with standing to appeal, the Parties agree that the remaining portions of this Settlement Agreement and the subsequent Final Approval Order shall be effective upon the Effective Date.  If there is no person with standing to appeal any Final Approval Order, including the absence of any objectors, then the Effective Date shall be the date the Final Approval Order is entered by the Court.  In other words, the Parties therefore agree that any such appeal of essentially only the attorneys' fees and/or costs as awarded by the Court shall not delay the implementation of, modify or effect the remaining terms of the Settlement and Final Approval Order, and those terms shall be completed as if no appeal had been filed.  Upon payment of attorneys' fees, costs, and expenses to Class Counsel, neither Defendant nor any of its insurers shall have any further obligation with respect to Class Counsel's fees, costs, and expenses, or the fees, costs, or expenses of any other attorney on behalf of Plaintiff or any Settlement Class member.

The Parties and their counsel represent and agree that the consideration to be provided to the Settlement Class is not contingent on the attorneys' fees to be awarded.  The procedure for and the allowance or disallowance by the Court of any application by any Class Counsel member or other attorney for attorneys' fees, costs, or expenses, including the fees of experts and consultants, to be paid by Defendant are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the fee, cost, and expense application, or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Final Approval Order approving this Agreement and the Settlement.

20.01. <u>MISCELLANEOUS  PROVISIONS</u> – Any exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated herein as

part of this Agreement.

This Agreement is for settlement purposes only.  The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by Defendant.  This Agreement shall not be offered or be admissible against Defendant, or cited or referred to, in any action or proceeding, except in an action or proceeding brought to enforce its terms.

No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements.  The terms of this Agreement are contractual.

This Agreement shall be interpreted in accordance with California law.

If the Settlement is not approved by the Court, or is rescinded pursuant to the terms of this Agreement, then the parties will resume the litigation of the case. However, any payment made and used by the Claims Administrator for providing notice or otherwise incurred in the setting up or administering the claims and notice process, will not be returned to either Party.  The Parties may seek the right to request additional time with respect to case deadlines and cut offs due to any delay that was not a result of the fault of any Party.

Any dispute, challenge, or question relating to this Agreement shall be heard only by the Court.

The parties and their respective counsel agree that they will not attempt to encourage Settlement Class members to submit requests for exclusion or opt-outs from the Settlement Class.

The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Settlement Class members, and over the administration and enforcement of this Agreement.

This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

19

Each of the exhibits attached hereto are incorporated herein by this reference as though fully set forth herein.

In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if Defendant and Class Counsel mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such Party.

This Agreement may be signed in counterparts and the separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

The time periods and dates described herein are subject to Court approval and may be modified upon written stipulation by the parties.

This Agreement may not be amended, modified, altered or otherwise changed in any manner except by a writing signed by a duly authorized agent of Defendant and Class Counsel, and approved by the Court.

The Court shall retain jurisdiction to enforce this Agreement, and all parties submit to the Court's jurisdiction for purposes of implementing and enforcing this Agreement.

21.01.  <u>Notices</u> -- Unless otherwise stated herein, any notice required or provided for under this Agreement shall be in writing and shall be sent by electronic mail, fax (with confirmation of receipt) or hand delivery, postage prepaid, as follows:

If to Plaintiff's or Class Counsel:

Joshua B. Swigart, Esq.
Hyde & Swigart
411 Camino Del Rio South, Suite 301
San Diego, CA  92108
Telephone: (619) 233-7770
josh@westcoastlitigation.com
Facsimile: (619) 297-1022

Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
doug@djcampion.com
Facsimile: (619) 858-0034

Abbas Kazerounian, Esq.
Kazerouni Law Group APC
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
ak@akzlg.com

          If to counsel for Defendant:

Laura K. Christa
Christa & Jackson
1901 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 282-8040
lchrista@christalaw.com
Fax No.: (310) 282-8241

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused
this Agreement to be executed on the dates set forth below.

                              Oxnard European Motors, LLC

Date: _____      By:_____

                                   _____

                                   _____
                                   Capacity

                                   Defendant

Date: ___/22/11___                 _____
                                   Brandon Lo
                                   Plaintiff and Class Representative

21

Douglas J. Campion, Esq.
Law Offices of Douglas J. Campion
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone: (619) 299-2091
doug@djcampion.com
Facsimile: (619) 858-0034

Abbas Kazerounian, Esq.
Kazerouni Law Group APC
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
ak@akzlg.com

      If to counsel for Defendant:

Laura K. Christa
Christa & Jackson
1901 Avenue of the Stars, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 282-8040
lchrista@christalaw.com
Fax No.: (310) 282-8241

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed on the dates set forth below.

Oxnard European Motors, LLC

Date: _11-28-2011_

By: _Bill McClendon_

_BILL McCLENDON_

_GENERAL MANAGER_
Capacity

Defendant

Date: _____

_____
Brandon Lo
Plaintiff and Class Representative

21

APPROVED AS TO FORM:

Date: 11/22/11

Joshua B. Swigart, Esq.
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone:   (619) 233-7770

Date:

Douglas J. Campion, Esq.
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, CA 92108
Telephone:   (619) 299-2091

Date: 11/22/11

Abbas Kazerounian, Esq.
KAZEROUNI LAW GROUP APC
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808

Attorneys for Plaintiff and the Settlement Class

Date:

Laura K. Christa
CHRISTA & JACKSON
1901 Avenue of the Stars
Suite 1100
Los Angeles, CA 90067
Telephone:  (310) 282-8040

Attorneys for Defendant Oxnard European
Motors, LLC

22

APPROVED AS TO FORM:

Date: _____

Joshua B. Swigart, Esq.
HYDE & SWIGART
411 Camino Del Rio South, Suite 301
San Diego, CA  92108
Telephone:   (619) 233-7770

Date: _Nov. 23, 2011_

Douglas J. Campion, Esq.
LAW OFFICES OF DOUGLAS J. CAMPION
409 Camino Del Rio South, Suite 303
San Diego, CA  92108
Telephone:   (619) 299-2091

Date: _____

Abbas Kazerounian, Esq.
KAZEROUNIAN LAW GROUP APC
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808

Attorneys for Plaintiff and the Settlement Class

Date: _Nov. 28, 2011_

Laura K. Christa
CHRISTA & JACKSON
1901 Avenue of the Stars
Suite 1100
Los Angeles, CA  90067
Telephone:  (310) 282-8040

Attorneys for Defendant Oxnard European
Motors, LLC

22