# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON LO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>OXNARD EUROPEAN MOTORS, LLC and OXNARD MB, LLC,<br><br>Defendants. | CASE NO. 11CV1009 JLS (MDD)<br><br>**ORDER GRANTING JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT**<br><br>(ECF No. 23) |

Presently before the Court is the parties' joint motion for preliminary approval of class action settlement agreement. (Mot. Prelim. Approval Class Settlement, ECF No. 23) Also before the Court are the "Settlement Agreement and Release," (Swigart Decl., Ex. A ("Settlement Agreement"), ECF No. 23-3), and the proposed notice to the class members of the proposed settlement, (Swigart Decl., Ex. 1 ("Proposed Notice"), ECF No. 23-4).

This case arises out of Defendant Oxnard European Motors's ("Defendant") allegedly negligent and willful violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, by sending advertising and other commercial text messages to Plaintiff's cellular telephone without first obtaining Plaintiff's "prior express consent." After several months of settlement discussions and negotiations, the parties reached a settlement and now seek an order conditionally certifying a settlement class, preliminarily approving the settlement agreement, and approving the proposed notice of class certification and settlement.

# ANALYSIS

## 1. Proposed Settlement Agreement

The November 28, 2011, Settlement Agreement requires Defendant to pay $49,100.00 into a settlement fund, which will be allocated as follows: (1) an amount not to exceed one-third of the settlement fund (or $16,365.00) for attorneys' fees and costs, subject to Court approval; (2) approximately $4,500.00 for costs of notice and claims administration, as estimated by the agreed-on claims administrator CPT Group, Inc.; (3) a maximum $1,500.00 incentive payment to the named Plaintiff, subject to Court approval; and (4) the balance of approximately $26,734.00 to be divided among class members on a pro-rata basis. (Mot. Prelim. Approval Class Settlement 4, ECF No. 23; Settlement Agreement ¶¶ 1.05, 7.01, 8.01, 19.01, ECF No. 23-3)  In exchange, Plaintiff and the settlement class members release all of their claims, known and unknown.

The proposed settlement class consists of those persons who received text messages from Defendants between October 16, 2009, and July 9, 2011, and who responded to the text message by sending a message requesting to opt out of receiving further text messages from Defendant, and to whom Defendant sent a confirmatory text message acknowledging receipt of the opt out message.  (Mot. Prelim. Approval Class Settlement 3–4, ECF No. 23); Settlement Agreement ¶ 2.01, ECF No. 23-3)

## 2. Settlement Class Certification

Before granting preliminary approval of a class action settlement agreement, the Court must first determine whether the proposed class can be certified.  *Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) (indicating that a district court must apply "undiluted, even heightened, attention [to class certification] in the settlement context" in order to protect absentees).

Class actions are governed by Federal Rule of Civil Procedure 23.  In order to certify a class, each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) must be met.  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1186 (9th Cir. 2001). Rule 23(a) allows a class to be certified only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. Rule 23(a).

In addition to Rule 23(a)'s requirements, the proposed class must satisfy the requirements of one of the subdivisions of Rule 23(b). Here, the parties seek to certify the settlement class under Rule 23(b)(3), which permits certification if "questions of law or fact common to class members predominate over any questions affecting only individual class members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

### A. Numerosity (Rule 23(a)(1))

To satisfy Rule 23(a)(1), the class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "[C]ourts generally find that the numerosity factor is satisfied if the class comprises 40 or more members and will find that it has not been satisfied when the class comprises 21 or fewer." *Celano v. Marriott Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007).

Here, the proposed class consists of approximately 203 class members. Joinder of all members is therefore impracticable for purposes of Rule 23(a)(1).

### B. Commonality (Rule 23(a)(2))

Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Commonality requires that "the class members 'have suffered the same injury.'" *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)) "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).

Here, the members of the proposed class allegedly each received two text messages: one initial text message that advertised Defendant's products or services, and a second confirmatory text message following the class member's opt-out text message. Thus, in addition to sharing "a common core of salient facts," the class members share one common legal issue: whether the confirmatory text messages sent by Defendant to the class members violated the TCPA. Rule 23(a)(2) is therefore satisfied.

### C. Typicality (Rule 23(a)(3))

To satisfy Rule 23(a)(3), the named plaintiff's claims must be typical of the claims of the class. The typicality requirement is "permissive" and requires only that the named plaintiff's claims "are reasonably coextensive with those of absent class members." *Hanlon*, 150 F.3d at 1020. "The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (quoting *Schwartz v. Harp*, 108 F.R.D. 279, 282 (C.D. Cal. 1985)). "[C]lass certification should not be granted if 'there is a danger that absent class members will suffer if their representative is preoccupied with defenses unique to it.'" *Id.* (quoting *Gary Plastic Packaging Corp. v. Merrill Lynch Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990)).

Here, the claims of the representative plaintiff allegedly arise out of the same set of facts as those pertaining to the class members. Like the class members, Plaintiff sent to Defendant a text message requesting to opt out of receiving any further text messages from Defendant. And like the class members, Plaintiff later received from Defendant a confirmatory text message. Thus, Plaintiff and the class members assert the same violation of the TCPA arising from the confirmatory text messages sent by Defendant to Plaintiff and the class members. Accordingly, Plaintiff's claims are typical of the claims of the class members, satisfying Rule 23(a)(3).

### D. Adequacy (Rule 23(a)(4))

Rule 23(a)(4) requires that the named representative fairly and adequately protect the interests of the class. "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42–43 (1940)). To determine legal adequacy, the Court must resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members, and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

//

1    Here, there is no reason to doubt that the named plaintiff and his counsel do not have any
2 conflict of interest with the class members or that they have thus far vigorously investigated and
3 litigated this case. Plaintiff's and the class members' interests are aligned. Moreover, Plaintiff's
4 counsel are qualified in class action litigation, including extensive experience in TCPA class
5 action lawsuits in particular. (*See* Swigart Decl. ¶¶ 19–24, ECF No. 23-2; Campion Decl.
6 ¶¶ 12–16, ECF No. 23-7; Kazerounian Decl. ¶¶ 12–18, ECF No. 23-8) Thus, Plaintiff and his
7 counsel adequately represent the class members and Rule 23(a)(4)'s adequacy requirement is met.

**E. Predominance (Rule 23(b)(3))**

9    "The Rule 23(b)(3) predominance inquiry tests whether the proposed classes are
10 sufficiently cohesive to warrant adjudication by representation." *Amchem Prods.*, 521 U.S. at 623.
11 "In contrast to Rule 23(a)(2), Rule 23(b)(3) focuses on the relationship between the common and
12 individual issues." *Hanlon*, 150 F.3d at 1022.
13    Here, a common issue predominates over any individual issue—namely, whether the
14 transmission and content of confirmatory text messages allegedly sent by Defendant to all class
15 members violates the TCPA. Additionally, each of the class members is eligible to receive an
16 identical pro-rata share of the settlement fund, suggesting that there is no need for an
17 individualized determination of the share each class member is entitled to. *Cf. Yokoyama v.*
18 *Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010) (indicating that "damage
19 calculations alone cannot defeat certification"). Thus, the predominance requirement of Rule
20 23(b)(3) is satisfied.

**F. Superiority (Rule 23(b)(3))**

22    The final requirement for class certification is "that a class action [be] superior to other
23 available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P.
24 23(b)(3). The superiority inquiry requires the Court to consider the four factors listed in Rule
25 23(b)(3):

26    (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

27
28    (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *see also Zinser*, 253 F.3d at 1190. The superiority inquiry focuses "'on the efficiency and economy elements of the class action so that cases allowed under [Rule 23(b)(3)] are those that can be adjudicated most profitably on a representative basis.'" *Zinser*, 253 F.3d at 1190 (quoting 7A CHARLES ALANWRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1780 at 562 (2d ed. 1986)). A district court has "broad discretion" in determining whether class treatment is superior. *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 210 (9th Cir. 1975).

Here, "by utilizing the class action vehicle, relief can be provided to these Settlement Class Members without the need for multiple separate trials on the same facts (the receipt of Confirmatory Text Messages) and the same law (whether the transmission and content of Confirmatory Text Messages violate the TCPA)." (Mot. Prelim. Approval Class Settlement 10, ECF No. 23) Indeed, "[i]ndividual actions by . . . class members would be expensive and time-consuming for the parties and the Court and would create the risk of conflicting decisions." *Duran v. Challenger Sheet Metal, Inc.*, No. 10cv2643, 2011 U.S. Dist. LEXIS 134363, at *8–9 (S.D. Cal. Nov. 21, 2011).

The parties have not brought to the attention of the Court any other action currently pending regarding the claims presented here. Additionally, because the parties seek class certification for settlement purposes only, the Court need not consider issues of manageability relating to trial. *See Amchem*, 521 U.S. at 620 ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial."). The superiority requirement of Rule 23(b)(3) is therefore also met.

## G. Conclusion

For the reasons stated above, the joint motion for certification of the class for settlement purposes only is **GRANTED**.

//

**3. Preliminary Fairness Determination**

Having certified the settlement class, the Court must next make a preliminary determination whether the class action settlement is "fair, reasonable, and adequate" pursuant to Rule 23(e)(1)(C). Relevant factors to this determination include, among others, "the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. Furthermore, "settlement approval that takes place prior to formal class certification requires a higher standard of fairness." *Id.*

The parties reached settlement in this case as a result of "extended arm's-length negotiations," "limited confirmatory discovery," and Magistrate Judge Dembin's "instrumental" assistance. (Mot. Prelim. Approval Class Settlement 12, ECF No. 23) These "extended" negotiations consisted of an Early Neutral Evaluation Conference held on July 12, 2011, before Magistrate Judge Dembin, during which the case settled, as well as three telephonic Settlement Disposition Conferences held on August 24, 2011, September 26, 2011, and October 20, 2011, all before Magistrate Judge Dembin. The settlement was reached once it was determined that the potential settlement class was very small—just over two hundred individuals—and that therefore the potential damages would be limited.

***A. Strength of the Plaintiffs' Case and Risk, Expense, Complexity, and Likely Duration of Further Litigation***

Except in a footnote, the parties do not address the strength of Plaintiffs' case. In that footnote, the parties acknowledge the following:

> Plaintiff's counsel must always consider the risks of litigation in evaluating any settlement. Here, although Plaintiff strongly believes that the text messages sent by defendant violate the TCPA, Plaintiff is aware that the jury, the Court on a dispositive motion, or a court on appeal, may determine that: (1) Defendant did not use an "automatic telephone dialing system" to send the Confirming Text Message as prohibited by the TCPA; or (2) the Text Messages fall within one of the other exceptions to liability as carved out by the TCPA.

(*Id.* at 14 n.1, ECF No. 23) The experienced Plaintiff's counsel contend that the claims asserted

have merit though Defendant "expressly denies that any conduct attributable to it was in any manner improper or in any manner damaged any Class Member." (*Id.* at 3)

Nevertheless, "the very essence of a settlement is compromise, 'a yielding of absolutes and an abandoning of highest hopes.'" *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 624 (9th Cir. 1982). As explained by the Supreme Court, "Naturally, the agreement reached normally embodies a compromise; in exchange for the saving of cost and elimination of risk, the parties each give up something they might have won had they proceeded with litigation." *United States v. Armour & Co.*, 402 U.S. 673, 681–82 (1971). Thus, here, "[c]onsidering the potential risks and expenses associated with continued prosecution of the Lawsuit, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation," the Court finds that, on balance, the proposed settlement is fair, reasonable, and adequate. *Bellows v. NCO Fin. Sys.*, No. 07cv1413, 2008 U.S. Dist. LEXIS 103525, at *19 (S.D. Cal. Dec. 10, 2008) (approving a class action settlement agreement in a TCPA suit).

**B. Amount Offered in Settlement**

The Settlement Agreement requires Defendant to place $49,100.00 into a settlement fund, from which class members will have the right to make a claim to receive, at a minimum, approximately $131.69[1] (assuming each of the 203 class members submits a claim). And, as the number of claimants decreases, the amount each claimant will receive increases. Thus, if only 50 of the 203 class members submit claims, each claimant would receive approximately $534.68. The Settlement Agreement does not place any restrictions on Defendant's future text messaging practices, however.

The parties point out that this monetary recovery "is considerably above the range of amounts paid to settlement class members in other TCPA class actions that have been recently approved for settlement." (Mot. Prelim. Approval Class Settlement 14, ECF No. 23 (citing, *inter*

---

[1] This value is based on the parties' explanation of the settlement consideration, indicating that the amount likely to be distributed to the 203 member settlement class will be approximately $26,734.00. (Mot. Prelim Approval Class Settlement 4, ECF No. 23) The parties later inconsistently state that each class member will receive "an estimated settlement payment of at least $131.00," (*id.* at 14), and also that "the recovery [will be] at least $139.09 for each Settlement Class member," (*id.*).

*alia*, *Bellows*, 2008 U.S. Dist. LEXIS 103525, at *20))[2]  Moreover, the Court notes that the fact that the class members may receive somewhat less than the statutorily mandated $500 per violation is an equitable tradeoff for the certainty of payment rather than having to proceed with costly and uncertain litigation.  Thus, the Court finds that, on balance, the proposed settlement agreement is fair, reasonable, and adequate.

### C. Extent of Discovery Completed and Stage of Proceedings

The parties indicate that they sought "only . . . limited confirmatory discovery."  (Mot. Prelim. Approval Class Settlement 12, ECF No. 23)  Having participated in an Early Neutral Evaluation Conference and several telephonic Settlement Disposition Conferences before Magistrate Judge Dembin, the parties apparently concluded that they had "exchanged sufficient information to make an informed decision about settlement."  *Bellows*, 2008 U.S. Dist. LEXIS 103525, at *21 (citing *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998)).  Indeed, the parties' counsel appeal to be well versed in class action litigation—and Plaintiff's counsel in TCPA litigation in particular—and Defendant is presumably well versed in its text messaging practices.  Moreover, the Court recognizes that "the disputed issues between the Parties are legal, *not* factual, in nature," *id.*, given that Defendants admit sending the confirmatory text messages but deny that the messages violated the TCPA.  As such, extensive discovery may not have been required.  Thus, though the Court notes the fact that the litigation and discovery in this matter did not advance beyond a single Early Neutral Evaluation Conference and limited confirmatory discovery, the Court nevertheless concludes that the settlement is fair, reasonable, and adequate.

//

//

---

[2] The parties attempt to bolster their argument that the amount offered in settlement is reasonable despite the fact that it may fall below the $500-per-violation standard of the TCPA by citing *Texas v. Am. Blast Fax, Inc.*, 164 F. Supp. 2d 892, 901 & n.8 (W.D. Tex. 2001), for the proposition that "courts have not always felt compelled to award the $500 per violation, citing the disproportionate amount of such an award as compared to the cost to the recipient."  (Mot. Prelim. Approval Class Settlement 15, ECF No. 23)  But in that case the district court was facing an award of approximately $2.34 billion, which is plainly not the case here.  Thus, the Court declines to address whether the TCPA should be interpreted to require $500 per violation or "up to" $500 per violation, as the parties apparently suggest.

*D. Experience and Views of Counsel*

Plaintiff's counsel has recommended accepting the settlement, and "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979). Here, this presumption of reasonableness is warranted based on Plaintiff's counsel's ample experience in class action litigation, and TCPA litigation in particular, as well as the fact that the parties engaged in arm's-length negotiations before Magistrate Judge Dembin. *See Ellis v. Naval Air Rework Facility*, 87 F.R.D. 15, 18 (N.D. Cal. 1980). Defendant's counsel is equally qualified to make recommendations as to settlement, having extensive experience in defending class action cases. (Christa Decl. ¶¶ 6–12, ECF No. 23-9)

Here, counsel for both Plaintiff and Defendant "believe that under the circumstances, the proposed settlement is fair, reasonable and adequate and in the best interest of all Parties, including the Settlement Class Members." (Mot. Prelim. Approval Class Settlement 13, ECF No. 23) According the appropriate weight to the judgment of these experienced counsel, the Court concludes that the settlement is fair, reasonable, and adequate.

*E. Conclusion*

For the reasons stated above, the joint motion for preliminary approval of class action settlement is **GRANTED**.

**4. Attorneys' Fees and Incentive Award**

Pursuant to the Settlement Agreement, Defendant has agreed that it will not object to class counsel's application for attorneys' fees and costs, so long as the application does not seek more than one-third of the settlement fund (approximately $16,365.00). (Mot. Prelim. Approval Class Settlement 4–5, ECF No. 23; Settlement Agreement ¶ 19.01, ECF No. 23-3) In addition, the Settlement Agreement provides for a $1,500.00 incentive payment to Plaintiff, in recognition of his service as the class representative. (Mot. Prelim. Approval Class Settlement 5, ECF No. 23; Settlement Agreement ¶ 7.01, ECF No. 23-3)

Given that these awards are included in the Settlement Agreement, they are included in the Court's preliminary determination that the Settlement Agreement is fair, reasonable, and adequate, so long as neither exceeds the maximum amount stated in the Settlement Agreement. The

incentive award is appropriate and appears to be on par with class representative awards in similar class action settlements. *See, e.g.*, *Bellows*, 2008 U.S. Dist. LEXIS 103525, at *15.

The attorneys' fee award, however, is subject to subsequent approval by the Court. *See* Fed. R. Civ. P. 23(h). The Settlement Agreement indicates that class counsel will file an "application [for attorneys' fees] on or before . . . the date of filing the Parties' Motion for Final Approval of Class Action Settlement." (Settlement Agreement ¶ 19.01, ECF No. 23-3) Class counsel is advised to address in its application why the Court should approve an award of attorneys' fees in excess of twenty-five percent of the settlement fund, especially in light of the short duration of this action and the fact that it did not proceed beyond a single Early Neutral Evaluation Conference and limited confirmatory discovery.[3]

**5. Notice of Class Certification and Settlement**

Pursuant to Rule 23(c)(2)(B), "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B).[4] Where there is a class settlement, Rule 23(e)(1) requires the court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). "[T]he mechanics of

---

[3] The Court additionally notes that the complaint in this action appears to be a boilerplate complaint that Plaintiff's counsel need only amend slightly in each case it files alleging a TCPA violation. *Compare* (Compl., ECF No.1), *with* (*Moss v. Twitter, Inc.*, No. 11cv906, ECF No. 1), (*Robinson v. Midland Funding, LLC*, No. 10cv2261, ECF No. 1), (*Connor v. JP Morgan Chase Bank*, No. 10cv1284, ECF No. 1), (*Malta v. Federal Home Loan Mortg. Corp.*, No. 10cv1290, ECF No. 1), (*Lemieux v. Global Credit & Collection Corp.*, No. 08cv1012, ECF No. 1), *and* (*Adams v. Alliance One, Inc.*, No. 08cv248, ECF No. 1).

[4] Rule 23(c)(2)(B) further provides:

The notice must clearly and concisely state in plain, easily understood language:

    (i) the nature of the action;
    (ii) the definition of the class certified;
    (iii) the class claims, issues, or defenses;
    (iv) that a class member may enter an appearance through an attorney if the member so desires;
    (v) that the court will exclude from the class any member who requests exclusion;
    (vi) the time and manner for requesting exclusion; and
    (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

the notice process are left to the discretion of the court subject only to the broad 'reasonableness' standards imposed by due process." *Grunin v. Int'l House of Pancakes*, 513 F.2d 114, 120 (8th Cir. 1975).

The parties propose a long-form notice to be mailed first class to each class member using the last known address provided by Defendant. (Mot. Prelim. Approval Class Settlement 5–6, ECF No. 23; Proposed Notice, ECF No. 23-4) The claims administrator "will do what it believes is necessary to obtain the most current addresses, which may include initially checking addresses for validity, eliminating duplications and processing the addresses through the National Change of Address database or similar database for the purpose of updating the addresses." (Settlement Agreement ¶ 8.01, ECF No. 23-3)

Although the parties propose only an English-language version of the Proposed Notice, at the top of the notice it states in Spanish that one can obtain[5] the notice in Spanish by calling the provided toll free number. (Proposed Notice, ECF No. 23-4) Additionally, the Proposed Notice, the Settlement Agreement, and the Preliminary Approval Order will be posted on a website, available to the public. As summarized by the parties,

> The Notice will, among other things, (1) inform the class members of the basis of the claims raised in the action and payment under the settlement, (2) describe how and when to object to, or exclude themselves from the settlement, (3) inform class members of their right to appear in the action through their own attorney, and (4) provide contact information for Class Counsel and the Claims Administrator for questions about the action or proposed settlement.

(Mot. Prelim. Approval Class Settlement 6, ECF No. 23)

Having thoroughly reviewed the Proposed Notice, the Court finds that the method and content of the notice comply with Rule 23. Thus, the motion for approval of the Proposed Notice is **GRANTED**.

//

//

---

[5] The actual translation states that one can "view" the notice by calling the toll free number. (Proposed Notice, ECF No. 23-4) But because the parties have not submitted a Spanish-language version of the Proposed Notice, it is unclear whether a Spanish-language version will be mailed to those class members who request it, or whether the Spanish-speaking class member may merely hear the content of the notice in Spanish over the phone.

**CONCLUSION**

For the reasons stated above, the joint motion for preliminary approval of class action settlement is **GRANTED**. It is hereby **ORDERED** as follows:

1. <u>JURISDICTION</u>: The Court has jurisdiction over the subject matter of the Action and over all settling Parties hereto.

2. <u>CLASS CERTIFICATION</u>: The Court preliminarily finds that the Action is suitable for certification as a class action for purposes of settlement only pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

3. <u>PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT</u>: The Settlement Agreement is preliminarily approved as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23(e).

4. <u>CAFA NOTICE NOT REQUIRED</u>: The Action was originally filed alleging jurisdiction under the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4, ("CAFA"). However, discovery revealed that all Settlement Class Members were residents of California at the time of responding to the text messages at issue in the case. Thus, no CAFA notice is required.

5. <u>CLASS MEMBERS</u>: Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Action is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following Settlement Class Members with respect to the claims asserted in the Action:

> All persons who received text messages from Defendant or its agents between October 16, 2009, and July 9, 2011, (the "Class Period") and who responded to such text messages by sending text messages to Defendant or its agents, opting out of receiving further text messages from Defendant, and to whom Defendant or its agents sent confirmatory text messages acknowledging receipt of the opt out messages (hereinafter referred to as the "Settlement Class") as identified in Defendant's records to be provided to the Claims Administrator.

All Settlement Class Members are persons that lived in the State of California at the time of receiving and opting out of further receipt of such text messages.

Excluded from the Settlement Class are Defendant, any parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; and the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' immediate families.

6. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u>:  Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies for settlement purposes only Plaintiff Brandon Lo as the Class Representative, and Hyde & Swigart, the Law Offices of Douglas J. Campion, and The Kazerouni Law Group, APC as Class Counsel.

7. <u>NOTICE AND CLAIMS PROCESS</u>:  The Court preliminarily approves the form and substance of the proposed notice procedure set forth in the Settlement Agreement and the form of the long-form notice ("Notice") attached as an exhibit to the Settlement Agreement.  As provided in the Settlement Agreement, Defendant shall provide the names and last known addresses for the Settlement Class Members to Class Counsel and the Claims Administrator, CPT Group, Inc., shall mail the Notice to each Settlement Class Member at his or her last known address as provided by Defendant, and update those addresses for which the Notice is returned, then send a follow-up Notice to those Settlement Class Members for whom a more current address is obtained.  The Notice shall also contain the Claims Administrator's toll free telephone number so that the Settlement Class Members can inquire about the Settlement and also make a claim over the telephone.  Claims can also be made in writing as set forth in the Settlement Agreement.  The form and method for notifying the Class Members of the Settlement and its terms and conditions satisfies the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and 23(e).

At least ten (10) days prior to the date the Motion for Final Approval of Class Action Settlement shall be filed, the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Settlement Agreement.

8. <u>CLAIMS PROCESS</u>:  The Court preliminarily approves the process set forth in the Settlement Agreement for submitting, reviewing, approving, and paying all claims from the $49,100.00 Settlement Fund, and for paying from the Settlement Fund all claims, the costs of notice and claims administration, and the payment of $1,500.00 as an incentive payment to the Class Representative for bringing and assisting with the Action.  The Court preliminarily approves the process whereby Class Counsel will apply for payment of their fees and costs from the Settlement Fund, and directs Class Counsel to address in its application for fees why the attorneys' fee award should exceed twenty-five percent of the Settlement Fund.

9. <u>EXCLUSIONS</u>: Any Settlement Class Member who desires to be excluded from the Settlement Class must send a written request for exclusion to the Claims Administrator, with a postmark date no later than ten (10) days after the last date to file claims. The Claims Administrator's address shall be provided in the Notice mailed to the Settlement Class Members. To be effective, the written request for exclusion must contain the Settlement Class Member's full name and address and be signed by the Settlement Class Member. The Settlement Class Member must also state generally that he or she wishes to be excluded from the Settlement. Any Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the Settlement Agreement or Settlement.

The Claims Administrator shall provide a list of those persons requesting exclusion to Class Counsel and to Defendant's counsel after the deadline for exclusions passes, but no later than ten (10) days prior to the date the Motion for Final Approval of Class Action Settlement shall be filed. A copy of that list will be filed with the Parties' Motion for Final Approval of the Class Action Settlement.

10. <u>OBJECTIONS</u>: Any Settlement Class Member who intends to object to the fairness of the Settlement must file a written objection with the Court, at United States District Court, Southern District of California, Office of the Clerk, 940 Front Street, Courtroom 6, 3rd Floor, San Diego, CA 92101, no later than ten (10) days after the last date to file claims. Further, any such Settlement Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and Defendant's Counsel, whose addresses shall be set forth in the Notice.

To be considered, the written objection must be signed by the Settlement Class Member and state the following: the Settlement Class Member's full name, address, and telephone number, the reasons for the objection, and whether the objector intends to appear at the Final Approval Hearing on his or her own behalf or through counsel. Further, the Settlement Class Member must attach to the written objection any documents supporting the objection.

Any Settlement Class Member who does not file a valid and timely objection to the Settlement shall be barred from seeking review of the Settlement by appeal or otherwise.

1  11. MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT:  No later than
2  Thursday, May 3, 2012, the parties shall file a motion for final approval of class action settlement.
3  The motion shall include and address any objections received up to the filing date.  In addition to
4  the class certification and settlement fairness factors, the motion shall address the number of
5  Notices sent and returned by the U.S. Postal Service, the number of putative Settlement Class
6  Members who opted out, and the number of claims.

7  12. FINAL APPROVAL HEARING:  Judge Sammartino shall conduct a Final Approval Hearing
8  on Friday, May 25, 2012, at 2:00p.m., at 940 Front Street, Courtroom 6, 3rd Floor, San Diego, CA
9  92101, to review the following issues.  In addition to the issues identified for the motion briefing,
10  at the hearing the parties shall be prepared to update the Court on any new developments since the
11  filing of the motion, including any untimely submitted opt-outs, objections, and claims, or any
12  other issues as the Court deems appropriate.

13  13. APPLICATION FOR ATTORNEYS' FEES:  No later than Thursday, May 10, 2012, Class
14  Counsel shall file an application for attorneys' fees, addressing, *inter alia*, whether Class Counsel
15  should be awarded fees in excess of twenty-five percent of the Settlement Fund.  Class Counsel
16  shall indicate the number of hours incurred by attorneys in litigating this action, supported by
17  detailed time records, as well as the hourly compensation those attorneys are reasonably entitled
18  to.  Class Counsel should be prepared to address any questions the Court may have regarding its
19  application for fees at the May 25, 2011, hearing.

20  14. MISCELLANEOUS PROVISIONS:  The Settlement Agreement and this Order shall be null
21  and void if any of the following occur:

22      A. The Settlement Agreement is terminated by any of the Parties for failure of any
23  consideration under the Settlement Agreement, or any specified condition to the Settlement set
24  forth in the Settlement Agreement is not satisfied and the satisfaction of such condition is not
25  waived in writing by the parties;

26      B. The Court rejects, in any material respect, the Final Judgment and Order of Dismissal
27  With Prejudice substantially in the form and content attached to the Settlement Agreement and/or
28  the Parties fail to consent to the entry of another form thereof;

C. The Court rejects any component of the Agreement, including any amendment thereto approved by the Parties;

D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

If the Settlement Agreement and this Order are voided under this paragraph, the Settlement Agreement shall have no force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed, and this Order never entered.

This Court retains continuing and exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement, including the administration and enforcement of the Settlement Agreement.

15. <u>SCHEDULE</u>: The Court **ORDERS** the following implementation schedule for further proceedings:

A. <u>January 20, 2012</u>.: Date by which Notice shall be mailed to Settlement Class Members;

B. <u>March 20, 2012</u>: Date by which all Settlement Class Members' claims are due;

C. <u>March 30, 2012</u>: Date by which all Settlement Class Members' objections shall be filed or requests for exclusions shall be postmarked;

D. <u>April 26, 2012</u>: Date by which the Claims Administrator shall file a declaration of compliance with the notice procedures as set forth in the Settlement Agreement and shall provide a list of those persons requesting exclusion to Class Counsel and Defendant's counsel;

E. <u>May 3, 2012</u>: Date by which Motion for Final Approval of Class Settlement shall be filed;

F. <u>May 10, 2012</u>: Date by which Application for Attorneys' Fees shall be filed;

G. <u>May 25, 2012</u>: Date of Final Approval Hearing

**IT IS SO ORDERED**.

DATED: December 15, 2011

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge