1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   BRANDON LO, individually and on behalf          CASE NO. 11CV1009 JLS (MDD)
     of all others similarly situated,
12                                                    **CLASS ACTION**
                                      Plaintiff,
13        vs.                                         **FINAL ORDER AND JUDGMENT**

14   OXNARD EUROPEAN MOTORS, LLC and
15   OXNARD MB, LLC,

16                                    Defendants.

17

18        On May 9, 2011, Plaintiff Brandon Lo ("Plaintiff" or "Class Representative") filed the

19   above-captioned class action lawsuit ("Lawsuit") against Defendant Oxnard European Motors,

20   LLC, d/b/a Mercedes Benz of Oxnard ("Defendant" or "MBOO").  Plaintiff asserted class claims

21   against MBOO under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

22   Specifically, Plaintiff alleged that MBOO violated the TCPA by sending text messages to his

23   cellular telephone, without "prior express consent," using an "automatic telephone dialing system"

24   and using an "artificial or prerecorded voice."  MBOO denied any and all liability alleged in the

25   Lawsuit.

26        After extensive arm's length negotiations, including mediation before The Honorable

27   Mitchell D. Dembin, Plaintiff and MBOO (jointly referred to as the "Parties") entered into a Class

28   Action Settlement Agreement ("Agreement"), which is subject to review under Fed. R. Civ. P. 23.

On November 28, 2011, the Parties filed the Agreement, along with their Joint Motion for Preliminary Approval of Class Action Settlement Agreement ("Preliminary Approval Motion").

On December 15, 2011, upon consideration of the Agreement, Preliminary Approval Motion, and the record, the Court entered an Order of Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"). Pursuant to the Preliminary Approval Order, the Court, among other things: (i) preliminarily certified a class of plaintiffs for settlement purposes only (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Brandon Lo as the Class Representative; (iv) appointed HYDE & SWIGART, the LAW OFFICES OF DOUGLAS J. CAMPION, and the KAZEROUNI LAW GROUP PC as Class Counsel; and (v) set the date and time of the Final Approval Hearing ("Fairness Hearing").

The Parties filed their Joint Motion for Final Approval of Class Action Settlement Agreement ("Final Approval Motion"). Pursuant to their Final Approval Motion, the Parties request final certification of the settlement class under Fed. R. Civ. P. 23(b)(2) and (b)(3) and final approval of the proposed class action settlement.

On May 25, 2012, a Fairness Hearing was held by The Honorable Janis L. Sammartino, pursuant to Fed. R. Civ. P. 23 to determine whether the Lawsuit satisfies the applicable prerequisites for class action treatment and whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court.

The Court has read and considered the Agreement, Final Approval Motion, and the record. All capitalized terms used herein have the meanings defined herein and/or in the Agreement.

**NOW, THEREFORE, IT IS HEREBY ORDERED**:

1.    JURISDICTION

The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

//

2.      CLASS MEMBERS

Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), the Lawsuit is hereby finally certified, for settlement purposes only, as a class action on behalf of the following Class Members with respect to the claims asserted in the Lawsuit:

> All persons who received text messages from Defendant or its agents between October 16, 2009 and July 9, 2011 (the "Class Period") and who responded to such text messages by sending text messages to Defendant or its agents, opting out of receiving further text messages from Defendant, and to whom Defendant or its agents sent confirmatory text messages acknowledging receipt of the opt out messages (hereinafter referred to as the "Settlement Class") as identified in Defendant's records to be provided to the Claims Administrator.

> All Settlement Class Members are persons that lived in the State of California at the time of receiving and opting out of further receipt of such text messages.

> Excluded from the Settlement Class are Defendant, any parent companies, affiliates or subsidiaries, or any employees thereof, and any entities in which any of such companies has a controlling interest; the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' immediate families.

3.      CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT

Pursuant to Fed. R. Civ. P. 23, the Court finally certifies Plaintiff Brandon Lo as the Class Representative and HYDE & SWIGART, the LAW OFFICES OF DOUGLAS J. CAMPION, and the KAZEROUNI LAW GROUP, APC as Class Counsel.

4.      NOTICE AND CLAIM PROCESS

Pursuant to the Court's Preliminary Approval Order, the third-party class action administrator, complied with the approved notice process.  MBOO mailed the summary notice to each of the 203 Class Members.  The full notice was posted on the Settlement Website. Considering the Class Members were identifiable, the form and method for notifying the Class Members of the settlement and its terms and conditions were in conformity with this Court's Preliminary Approval Order and satisfied the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances.

The Court finds that the notice process was clearly designed to advise the Class Members

of their rights.  Further, the Court finds that the claims process set forth in the Agreement was followed and that said process was the best practicable notice procedure under the circumstances.

5.      FINAL CLASS CERTIFICATION

The Court again finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.  The Class Members are so numerous that joinder of all of them in the Lawsuit would be impracticable;

B.  There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C.  The claims of the Plaintiff are typical of the claims of the Class Members;

D.  The Plaintiff and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E.  Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Plaintiff's case; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the risk of collecting any judgment obtained on behalf of the class.

5.      SETTLEMENT TERMS

The Agreement, which has been filed with the Court and shall be deemed incorporated herein, and the proposed settlement are finally approved and shall be consummated in accordance

with the terms and provisions thereof, except as amended by any order issued by this Court.  The material terms of the Agreement include, but are not limited to, the following:

    A.  MBOO shall  pay $49,100.00 into a Settlement Fund maintained by the Claims Administrator established for the purpose of resolving this matter. From this Settlement Fund, the Claims Administrator shall pay the following: Pay Class Counsel $12,275 in attorneys' fees and $1.537.34 in costs, which does not include the $4,500 for the reimbursement of the costs incurred by the Claims Administrator for its fees and costs, which are addressed below;

    B.  The Claims Administrator shall pay itself the sum of $4,500.00 for its fees and costs incurred;

    C.  Pay the Plaintiff $1,500.00 for his services as the Class Representative; and

    D.  Pay each of the 22 Class Members who made a timely accepted claim the pro rata amount of the funds remaining after paying the above amounts, approximately $1,331.25;

6.     EXCLUSIONS AND OBJECTIONS

The Class Members were given an opportunity to exclude themselves from the settlement. No such requests for exclusion were received.

The Class members were also given an opportunity to object to the settlement.  No such objections were received.

7.     RELEASE OF CLAIMS AND DISMISSAL OF LAWSUIT

The Class Representative, Class Members, and their successors and assigns are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Agreement.  Pursuant to the release contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these

proceedings and this order.

The Lawsuit is hereby dismissed with prejudice in all respects.

This order is not, and shall not be construed as, an admission by MBOO of any liability or wrongdoing in this or in any other proceeding.

Without affecting the finality of this Final Order and Judgment in any way, the Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this order.

**IT IS SO ORDERED.**

DATED:  May 29, 2012

_Janis L. Sammartino_

Honorable Janis L. Sammartino

United States District Judge